1  **WO**
2
3
4
5  **IN THE UNITED STATES DISTRICT COURT**
6  **FOR THE DISTRICT OF ARIZONA**
7

| Margaret Marquis, | No. CV-18-00706-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Margaret Marquis's Application for Disability Insurance Benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 12, Pl.'s Br.), Defendant SSA Commissioner's Opposition (Doc. 13, Def.'s Br.), and Plaintiff's Reply (Doc. 14, Reply). The Court has reviewed the briefs and the Administrative Record (Doc. 11, R.) and affirms the Administrative Law Judge's decision (R. at 29–41) as upheld by the Appeals Council (R. at 1–3).

## I. BACKGROUND

Plaintiff filed her Application for Disability Insurance Benefits on March 16, 2014 for a period of disability beginning March 2, 2014. Plaintiff's claim was denied initially on October 21, 2014, and upon reconsideration on May 7, 2015. Plaintiff then testified at a hearing held before an Administrative Law Judge ("ALJ") on November 9, 2016. (R. at 48–76.) On February 8, 2017, the ALJ denied Plaintiff's Applications. (R. at 29–41.) On January 29, 2018, the Appeals Council upheld the ALJ's decision. (R. at 1–3.)

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ found that Plaintiff has severe impairments of affective disorder; cervical degenerative disc disease ("DDD"); and lumbar DDD. (R. at 31.) The ALJ concluded that Plaintiff has the residual function capacity ("RFC") to perform her past relevant work as a cook helper, such that she was not disabled under the Act. (R. at 40–41.)

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two,

the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step to determine whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

## III. ANALYSIS

Plaintiff raises two arguments for the Court's consideration: (1) the ALJ erred in giving more weight to the assessment of the nonexamining state agency physician on reconsideration than that of the nonexamining state agency physician on initial evaluation with regard to Plaintiff's physical RFC; and (2) the ALJ erred in determining that Plaintiff's testimony was not entirely credible. (Pl.'s Br. at 2.)

### A. The ALJ Properly Weighed the Nonexamining State Agency Physician Assessments

In the initial review of Plaintiff's Application for Disability Insurance Benefits, Dr. Schofield, the nonexamining state agency physician, determined among other things that Plaintiff has the physical RFC to lift 20 pounds occasionally and 10 pounds frequently. (R. at 86.) In the reconsideration phase of review of Plaintiff's Application, Dr. Alberty, the nonexamining state agency physician, determined that Plaintiff has the physical RFC to lift 50 pounds occasionally and 25 pounds frequently. (R. at 101.) The ALJ gave more weight to the latter assessment because it was completed more recently, when additional

records were available, and consistent with Plaintiff's activities of daily living and the records of conservative treatment for her conditions. (R. at 39; *see also* R. at 34–38.)

The ALJ is responsible for resolving conflicts in the medical evidence. *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citing *Lester v. Chater*, 81 F. 3d 821, 830–31 (9th Cir. 1996)). Where a medical opinion is contradicted by another, "it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Burnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The ALJ found Dr. Alberty's RFC assessment merited more weight because it was more recent and made after consideration of additional medical evidence, which by itself is a specific and legitimate reason supported by medical evidence in the record to substantiate the ALJ's resolution of the conflict between Dr. Alberty's and Dr. Schofield's assessments. The ALJ also noted that Plaintiff received conservative treatment for the right shoulder pain she reported, and she improved with physical therapy such that the pain did not produce physical limitations beyond those determined by Dr. Alberty. (R. at 39; *see also* R. at 36–37 (ALJ noting reports of Plaintiff's right shoulder improvement with treatment and the lack of any records indicating that Plaintiff went to the last two authorized appointments for shoulder treatment).) The ALJ provided sufficiently specific and legitimate reasons to give more weight to Dr. Alberty's assessment than Dr. Schofield's, and the Court must thus uphold the ALJ's conclusion.

### B. The ALJ Properly Considered Plaintiff's Symptom Testimony

Plaintiff also argues that the ALJ erred in her consideration of Plaintiff's symptom testimony. (Pl.'s Br. at 18–24.) While credibility is the province of the ALJ, an adverse credibility determination requires the ALJ to provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen*, 80 F.3d at 1281)). "In evaluating the credibility of pain testimony after a claimant

produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch*, 400 F.3d at 680. This is because "pain testimony may establish greater limitations than can medical evidence alone." *Id.* But the ALJ may properly consider that the medical record lacks evidence to support certain symptom testimony. *Id.* at 681. The ALJ may also properly consider inconsistencies in the claimant's testimony, including inconsistencies between the claimant's testimony of daily activities and symptom testimony. *Id.*

As the ALJ noted, Plaintiff testified that she could only lift 20 pounds because she sustained a right shoulder injury while lifting 200-pound shelves in mid-2013, but she did not seek a shoulder evaluation until early 2014. (R. at 36.) X-rays of Plaintiff's shoulder showed no acute change, and an examination revealed normal rotator cuff strength and no significant atrophy or asymmetry. (R. at 36.) The ALJ also noted Plaintiff received conservative treatment with physical therapy (R. at 424, 426–27) and improved with treatment. (R. at 36–37.) The ALJ properly considered that the medical records lacked evidence to support Plaintiff's reports of continued right shoulder pain. *See id.*

The ALJ also found that Plaintiff's self-reported RFC limitations were inconsistent with a medical report that she is "active and athletic," another report that she was working on a ladder in her garden in 2016—two years after the alleged onset date—and testimony that she hikes and walks, cleans one room at a time, and goes grocery shopping. (R. at 34–37, 40.) The ALJ thus properly concluded that Plaintiff does have limitations resulting from her impairments, but not to the extent she testified. *See Turner v. Comm'r, Soc. Sec. Admin.*, 613 F.3d 1217, 1224–25 (9th Cir. 2010); *Burch*, 400 F.3d at 680–81.

In sum, Plaintiff raises no error on the part of the ALJ, and the SSA's decision denying Plaintiff's Application for Disability Insurance Benefits under the Act was supported by substantial evidence in the record.

IT IS THEREFORE ORDERED affirming the February 8, 2017 decision of the Administrative Law Judge, (R. at 29–41), as upheld by the Appeals Council on January 29, 2018, (R. at 1–3).

IT IS FURTHER ORDERED directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 19th day of March, 2019.

Honorable John J. Tuchi
United States District Judge